By the Court,

Nelson, J.
By the Revised Laws, vol. 1, p. 521, § 13, it is provided that all persons jointly indebted to any other person upon any joint obligation, Sec. for which remedy might be had at law against such debtors, in case all were taken by process, See. shall be answerable to their creditors separately for such debts; that is to say, a creditor may issue process against all the debtors, and in case any be brought into court, he or they so brought in shall answer to the plaintiff; and in case judgment pass for the plaintiff, he shall have execution against the person and sole property of the one taken, and against the property of all. Under this act, it has been decided that the defendant brought into court may confess judgment, and it will be as effectual against all *the debtors- as when obtained by default or after contestation. This case, therefore, shows that the application of the statute to joint debtors, when one or more are infants, may enable creditors to obtain judgment against the latter on contracts not binding upon them.
At common law, an infant can appear and defend only by guardian, and not in person or by attorney, Co. Litt. 135, b., 2 Inst. 261, 2 Str. 784, and this even when sued jointly with an adult defendant. The revised statutes contain substantially the same provisions as the former act. The second section declares the effect of the judgment, namely, that it. shall be conclusive evidence of the liability of the party taken, or who appeared ; but against every other defendant it shall be evidence only of the extent of the plaintiff’s demand, after the liability of such defendant shall have been established by other evidence. 2 R. S. 377, § 1, 2. The statute concerning joint debtors was intended to -supersede the necessity of the plaintiff’s proceeding to outlawry against one not found, or brought into court, which was essential before judgment could pass against those taken. 1 Archb. Pr. 123. 2 id. 173, 179. An infant beyond the age of 12, the period when anciently he was capable of taking, the oath of allegiance, was liable to the proceeding of outlawry; but a party, after outlawry on mesne process, might always come in on terms and defend the original suit. 1 Tidd, 126. 2 Archb. 173, 180. The words of the statute are broad and unqualified, and we do not see how we can say that the legislature did not intend to include infant joint debtors. They could not have been ignorant of the privilege of infants, nor of the consequences of this provision in respect to them. The debt being joint, and the judgment only against the joint property of the one not taken, they must have supposed that this particular interest woxxld be sufficiently protected by being represented by one or more in defending the suit, and thus the infant would always be secured the benefit of the defence of an interested co-defendant. It is just that the joint property should be subjected to the payment of the debt, both as to the cre *617 ditor and co-debtor, and we see no particular evil from the statute, as thus construed, in regard to the infant; and if there is any evil, it *must be left to the legislature to correct it. There is no violation of the common law rule that an infant can only appear by guardian, because the act is framed upon the idea of the non-appearance of the debtor. The debtor brought into court appears for all as to the joint interest.
Upon proceedings of outlawry, judgment is rendered against the party absent, and it may be collected out of his goods and chattels, lands and tenements. This practice in civil cases is abolished, 2 R. S. 553, § 15; and unless infants, where process cannot be served upon them, are included in the joint debtors’ act, as it is called, there is no mode left by which their property can be reached in any case, even where they are clearly liable upon their contracts.
The judgment, therefore, must be affirmed.